UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARROWOOD INDEMNITY COMPANY
f/k/a Royal Indemnity Company,

        Plaintiff,

v.

        Case Number 13-13938
        Honorable David M. Lawson

THE CITY OF WARREN, MICHIGAN,
PATRICK MCQUEENEY, as Personal
Representative of the Estate of Donald
Ingles, and MICHAEL L. CRISTINI,

        Defendants.

and

MICHAEL L. CRISTINI,

        Counter-plaintiff and
        Third-party Plaintiff

v.

ARROWOOD INDEMNITY COMPANY
f/k/a Royal Indemnity Company,

        Counter-defendant,

and

U.S. FIRE INSURANCE CO.,

        Third-party Defendant.

_____/

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

        This matter is before the Court on the motion by counter-plaintiff and third-party plaintiff Michael L. Cristini for reconsideration of the Court's opinion and order granting Arrowood

Indemnity Company's and U.S. Fire Insurance Company's motions to dismiss. Cristini contends that reconsideration is warranted because the Court misjudged the law requiring a plaintiff to plead that his "reliance" on a defendant's false statements was "reasonable."

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). "Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3).

Cristini argues that the "palpable defect" in the Court's opinion is its view of Michigan law requiring reliance on a false statement to be reasonable, which, Crisitini contends, is a "narrow" rule. He cites cases acknowledging that when a plaintiff has the means at his disposal to determine the falsity of a statement, reliance is not reasonable. He then argues, however, that he "had no way to discover the fraudulent representations that were made to him"; and therefore his reliance on them could not have been unreasonable.

In granting the motion to dismiss, this Court held that "Cristini's allegation that he made his decision to settle his case in reliance on the insurers' false statements about their intention to contribute to the pool of settlement funds, when the insured defendant was readily collectable itself, is not plausible." Opn. at 2, 13-14. In reaching that decision, the Court construed Cristini's third-party complaint as alleging that the false statement was not so much the extent of Warren's insurance *coverage* — which could not possibly have supported a fraud claim in the context of this

case, when the insurance policies had been disclosed and litigation over them was underway. Rather, the Court read the third-party complaint as alleging that Arrowood falsely maintained that it simply would not contribute to a settlement package under any circumstances. Perhaps the Court read the third-party complaint too generously. Cristini now contends in his motion for reconsideration that the false statement on which he relied was the insurers' "misrepresentations . . . as to Warren's maximum amount of insurance coverage available." Mot. for Recon. at 2. That position is considerably weaker than originally perceived, as Cristini surely had at his disposal the means to determine the validity of claims about insurance coverage.

As a general matter, a plaintiff cannot establish the element of reliance with regard to representations made during settlement negotiations with a tortfeasor and his insurer over the extent of disputed coverage, "because during these processes the parties are in an obvious adversarial position and generally deal with each other at arm's length." *Cooper v. Auto Club Ins. Ass'n*, 481 Mich. 399, 415, 751 N.W.2d 443, 452 (2008). An insurer does not engage in fraud by denying coverage, filing a declaratory judgment action, or advancing unmeritorious defenses. *See Cowan v. Paul Revere Life Ins. Co.*, 30 F. App'x 384, 388 (6th Cir. 2002) (insurer has the right "to raise lack of coverage as a defense to an action on a policy or to file an action seeking a declaration of rights respecting coverage") (internal citations omitted). "The mere fact that [an insurer] denied liability and suggested defenses without merit in its negotiations for a compromise settlement is not evidence of fraud." *Dolson v. Cent. Bus. Men's Ass'n*, 235 Mich. 80, 84, 209 N.W. 95, 96 (1926).

Cristini contends that he could not have discovered that Arrowood planned to contribute to the settlement through his own investigation. That may be so, but it is beside the point. There is a difference between engaging in fraud and taking a hardline position during litigation. The

Michigan Supreme Court has recognized that "[w]hat will constitute fraud depends considerably on circumstances; but all deceit or false assertion is not fraud." *Lawless v. Detroit, G.H. & M. Ry. Co.*, 65 Mich. 292, 300, 32 N.W. 790, 793 (1887). In evaluating an action for fraud, "courts must distinguish between misrepresentations of fact, *i.e.*, false statements of past or existing facts, and mere negotiation of benefits, *i.e.*, the mutual discussion and bargaining preceding an agreement to pay." *Cooper*, 481 Mich. at 416, 751 N.W.2d at 452.

It is undisputed that Cristini was given copies of the relevant insurance policies; in fact, Arrowood's policy was the subject of the original complaint in this case. Arrowood took the position that it owed no duty to defend or indemnify Warren for Cristini's claims, and sought the Court's endorsement of that position. That Cristini would rely on an adversary's litigation position in making his settlement decision trends considerably away from reasonableness and more toward folly. It is a "bedrock principle that a reasonable person represented by a lawyer does not rely on the legal advice given him by an adversary." *Atwell v. Lisle Park Dist.*, 286 F.3d 987, 992 (7th Cir. 2002); *see also Tabor v. Michigan Mut. Life Ins. Co.*, 44 Mich. 324, 331, 6 N.W. 830, 834 (1880) (holding that a plaintiff is not "justified in acting solely on the statement of his legal rights by an adverse agent in insurance controversies."). "Parties are always held to some diligence in protecting their own interests, and those dealing with them have a right to suppose they will be." *Lawless*, 65 Mich. at 301, 32 N.W. at 794. "[I]n construing statements . . . [by] opposing counsel, parties have no right to overlook [their] hostile position or to expect" advice. *Ibid.* If the false statement focused on the extent of Warren's insurance coverage, as Cristini now characterizes it, the Court made no error, palpable or otherwise, on that score.

Nor does Cristini's reliance on *Kordis v. Auto Owners Insurance Company*, 311 Mich. 247, 18 N.W.2d 811 (1945), persuade the Court otherwise. The plaintiff in that case was permanently disabled after a car hit him while he was walking on a public highway. The plaintiff filed a lawsuit against the driver's insurance company several months later after it fraudulently induced the plaintiff to settle his claims for $2,000, well below the policy limit of $10,000. The plaintiff accused the insurer of falsely representing that the plaintiff did not have a permanent disability and would be able to return to work shortly, the plaintiff had to accept the offer immediately or he would not recover anything, and the insurance coverage was limited to $2,000. There was no evidence that the plaintiff had information on the actual policy limits. The Michigan Supreme Court did not explicitly address reasonable reliance, but it did emphasize that the fraud occurred while the plaintiff "was still suffering from injuries received in the accident and was physically and mentally unfit to transact business." *Id.* at 249, 18 N.W.2d at 812.

The circumstances here are quite different. Cristini does not allege that he was impaired in any way when he decided to settle the case. Rather, Cristini alleges that he relied on the City of Warren's representations about its liability policy limits and Arrowood's coverage position when he settled the case for less than he believed he deserved. But, as noted above, reliance on Arrowood's view of its own coverage obligation could not have been reasonable when Cristini had the means available — through the actual insurance policies — to determine the question himself.

Cristini's reliance on *Slotkin v. Citizens Cas. Co. of New York*, 614 F.2d 301 (2d 1979), is equally misplaced. There, the plaintiffs, a brain-damaged child and his mother, settled a malpractice lawsuit for $185,000 after the hospital defendant and its primary insurer misrepresented that the policy limit was $200,000 when in fact there was an additional $1 million in excess coverage. The

Second Circuit did not address the element of reliance; instead, the court held that the plaintiffs could maintain their action for fraud without first rescinding the settlement. That case did not address the legal question presented here.

Moreover, the defendant here, unlike *Slotkin*, fully disclosed its insurance policies. There are no allegations that the City of Warren had additional insurance policies that the counter-defendant or third-party defendant knowingly and fraudulently failed to disclose. Instead, Cristini argues that Arrowood engaged in fraud by denying coverage and initially refusing to contribute to any settlement, a position that it later changed and did not disclose to Cristini. But, as discussed already, such hard bargaining is not fraud; it is a settlement posture that the law permits. *See Cooper*, 481 Mich. at 416, 751 N.W.2d at 452 ("The courts must distinguish between misrepresentations of fact, *i.e.*, false statements of past or existing facts, and mere negotiation of benefits, *i.e.*, the mutual discussion and bargaining preceding an agreement to pay.").

Cristini has not identified any palpable defect of law that misled the Court or the parties.

Accordingly, it is **ORDERED** that motion for reconsideration by counter-plaintiff and third-party plaintiff Michael L. Cristini [dkt. #94] is **DENIED.**

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 3, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 3, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI